IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALEX ROMAN PEREZ,<br>        Plaintiff, | )<br>)<br>) |
| vs. | )<br>) Case No.: 2:10-CV-327<br>) |
| LVNV FUNDING, LLC, and<br>Fictitious Defendants "A", "B", "C",<br>"D", "E", "F", "G", "H", "I", and "J",<br>persons, corporations, firms  or other<br>entities whose wrongful conduct<br>caused the injuries and damages to the<br>Plaintiff, all of whose true and correct<br>names are unknown to the Plaintiff at<br>this time, but will be added by<br>amendment when ascertained;<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Alex Roman Perez, by and through undersigned counsel, files this Complaint against Defendants LVNV Funding, LLC, and fictitious defendants whose actions and wrongful conduct caused the injuries, violations, and damages, and states as follows:

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C., §1331 and pursuant to 15 U.S.C., §1692k(d).

2.      This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C., §1692 et seq. ("FDCPA"), the Alabama Deceptive Trade Practices Act, Alabama Code 1975, §8-19-1 ("ADTPA") and state common law causes of actions by these Defendants, jointly and severally, in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and the Defendants transact business here.

## PARTIES

4. Plaintiff Alex Roman Perez ("Perez") is a natural person who resides in the City of Pike Road, County of Montgomery, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C., §1692a(3).

5. Defendant LVNV Funding, LLC, ("LVNV") is a limited liability company with its principal place of business in the State of Nevada and, based on information and belief, engages in the business of debt collection and is a "debt collector" as that term is defined by 15 U.S.C., §1692a(6) conducting regular, systematic business in this Judicial District.

6. Fictitious Defendants "A", "B", "C", "D", "E", "F", "G", "H", "I", and "J", are persons, corporations, firms or other entities whose wrongful conduct caused the injuries, violations, and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be added by amendment when ascertained.

## FACTUAL ALLEGATIONS

7. Plaintiff Alex Roman Perez is an individual and for all relevant times herein has been a resident of Montgomery County, Alabama.

8. On March 2, 2010, LVNV filed suit against Perez in the District Court of Montgomery County, Case Number DV-2010-185, in an attempt to collect an alleged consumer debt in an alleged capacity of "issuer of a credit card".

9. Perez had previously informed LVNV, through their counsel in the State of Florida, that he was not the person that had incurred the charges which are the basis of the lawsuit against Perez in the District Court of Montgomery County.

10. The Defendants filed suit against Plaintiff without any intent of carrying its case through by presenting admissible evidence to prove its assertions.

11. Based on information and belief, LVNV is not an issuer of credit cards but is a debt collection company.

12. Further, Perez has never had an account with LVNV as alleged as part of the lawsuit filed in Montgomery County, Alabama, for an account detailed in the complaint filed by LVNV as account number XXXXXX993.

13. All actions taken by employees, agents, servants, or representatives of any type for the named or fictitiously plead Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

14. Defendants' intentional, reckless and wilful violations of the FDCPA, ADTPA, federal law and state law has proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment and humiliation which Plaintiff will in the future continue to suffer.

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Perez incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

16. The Defendants in this action fraudulently, improperly, and illegally collected on an amount that is not owed by Perez.

17. In the filing of its lawsuit against Perez without the intent to support its allegations with admissible evidence, LVNV has also instigated an unreasonable, unjustifiable and deceptive civil action upon the Plaintiff.

18.     The Defendants' actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. ,§§1692d, 1692e, and 1692f, amongst others.

19.     As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiff Perez is entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the named and fictitiously plead Defendants:

A.      For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., §1692k(a)(1);

B.      For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C.      For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C., §1692k(a)(3); and

D.      Any further and different relief as allowed by law.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.     Perez incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

21.     The allegation that LVNV and fictitiously plead defendants issued a credit card to Perez is misleading and a false statement in violation of the Fair Debt Collection Practices Act.

22. In the filing of its lawsuit against him without the intent to support its allegations with admissible evidence, LVNV has also instigated an unreasonable, unjustifiable and deceptive civil action upon the Plaintiff.

23. The Defendants' actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C., §§1692d, 1692e, 1692f, and 1692i, amongst others.

24. As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A. For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., § 1692k(a)(1);

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C., §1692k(a)(3); and

D. Any further and different relief as allowed by law.

## COUNT III
### VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

25. Perez incorporates by reference the allegations of all preceding paragraphs as if set

forth fully herein.

26. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of service within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3.

27. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3, *et. seq.*, and in the course of business that is prohibited, unfair, and deceptive.

28. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon representation as being lawful, yet such conduct is prohibited.

29. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants, whether named or fictitiously described herein:

A. For an award of actual damages in an amount to be proven at trial;

B. For an award of statutory damages;

C. For an award of costs of litigation and reasonable attorney's fees; and

D. Any and all other relief allowed by law.

## COUNT V
## NEGLIGENT, RECKLESS, AND WANTON CONDUCT

30. Perez incorporates by reference the allegations of all preceding paragraphs as if set

forth fully herein.

31.     The named and fictitiously plead Defendants' acts, as described herein, were done so negligently and without care or concern for the well being of the Plaintiff.

32.     As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the named and fictitiously plead Defendants:

A.  For actual damages;

B.  For compensatory damages;

C.  For punitive damages;

D.  Costs and attorney's fees; and

E.  Any and all other relief allowed by law.

## COUNT V
## HARASSMENT

34.     Perez incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

35.     The named and fictitiously plead Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding Plaintiff, created a hostile environment for Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the named and fictitiously plead Defendants:

A. For actual damages;

B. For compensatory damages;

C. For punitive damages;

D. Costs and attorney's fees; and

E. Any and all other relief allowed by law.

**COUNT VI**
**INVASION OF PRIVACY**

36. Perez incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

37. The named and fictitiously plead Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiffs and places Plaintiff in a false light in the eyes of those to whom the publications are made.

38. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure Perez.

39. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriately by this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants, whether named or fictitiously described herein:

A. For actual damages;

B. For compensatory damages;

C. For punitive damages;

D. Costs and attorney's fees; and

E. Any and all other relief allowed by law.

## COUNT VII
## DEFENDANTS' MISREPRESENTATION

40. Perez incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

41. The named and fictitiously plead Defendants intentionally, maliciously, recklessly and / or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to the Defendants.

42. Defendants intend that those who review the public records of the Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and a false credit card number is issued on the complaint.

43. Defendants intended that the justifiable and reasonable reliance by others would adversely affect Perez.

44. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney fees, and any other and further relief deemed

appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants, named or fictitiously described therein:

A.  For actual damages;

B.  For compensatory damages;

C.  For punitive damages;

D.  Costs and attorney's fees; and

E.  Any and all other relief allowed by law.

## COUNT VIII
## DECLARATORY AND INJUNCTIVE RELIEF

45. Perez incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

46. A dispute exists as to whether the named and fictitiously plead Defendants have violated the FDCPA, ADTPA, federal law or state law.

47  A dispute exists as to the underlying debt that forms the basis of the lawsuit filed against Alex Roman Perez in Montgomery County, Alabama, Case No. DV-10-185.

48. Plaintiff is entitled to declaratory relief in determining that the above referenced federal and state laws have been violated and that the Plaintiff does not owe the debt that is the basis for the Montgomery County District Court case.

49. Plaintiff is entitled to injunctive relief to enjoin the unlawful acts and the collection on the underlying alleged debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants, whether named or fictitiously described herein:

A. Declaring that the FDCPA and the ADTPA have been violated;

B. Declaring that the Plaintiff does not owe the underlying debt in Montgomery County District Court, Case No. DV-10-185;

C. Enjoining the Defendants from the unlawful acts and the collection on the underlying alleged debt; and

D. Any and all other relief allowed by law.

_/s/ Richard F. Matthews, Jr._
RICHARD F. MATTHEWS, JR. (MAT048)
ASB-0240-D50M
**Attorney for Plaintiff**
The Anderson Law Firm, LLC
7515 Halcyon Pointe Drive
Montgomery, Alabama 36117
Telephone: 334-272-9880
Facsimile: 334-272-2551
Email: rmatthews@theandersonlawfirm.com

**Please serve the Defendant by certified mail at the following address:**

LVNV Funding, LLC
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104